UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DELANEO-NATHANIEL TILLMAN,[1]

                Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.;
AND MESSERLI & KRAMER, P.A.,

                Defendant.

Civ. No. 25-2717 (JRT/ECW)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Delaneo-Nathaniel Tillman, 4418 Ladyslipper Avenue North, Brooklyn Park, MN 55433, *pro se* Plaintiff.

Delaneo-Nathaniel Tillman brought this action against Midland Credit Management, Inc. and Messerli & Kramer, P.A., alleging that Defendants' debt collection activities, among other things, violated the Due Process Clause of the Fourteenth Amendment and the Fair Debt Collection Practices Act. Tillman subsequently filed an

---

[1] The Court notes that there is some confusion over Plaintiff's legal name. The docket and the Magistrate Judge's filings refer to the Plaintiff as "Delaneo-Nathaniel Tillman." The Plaintiff's birth certificate lists his first name as "Delaneo," his middle name as "Nathaniel," and his last name as "Tillman," with no hyphens. (Ex. List, July 11, 2025, Docket No. 7.) An Illinois court order for name change, dated April 25, 2024, lists his "current" name as "Delaneo Nathaniel Tillman." (*Id.*) The same document granted Tillman's name change request, ordering that his first name be changed to "Delaneo Nathaniel Tillman" and his last name be changed to "El." (*Id.*) Likewise, Plaintiff's United States passport card, issued on July 01, 2024, lists his "given names" as "Delaneo Nathaniel Tillman" and his surname as "El." (*Id.*) Finally, Plaintiff refers to himself in filings as "Delaneo-Nathaniel-Tillman: El." (Pl.'s Resp. to MJ Order, July 11, 2025, Docket No. 5; Pl.'s Obj. to R&R, July 30, 2025, Docket No. 10.) Consistent with the docket, the Complaint, and the Magistrate Judge's filings, the Court will refer to the Plaintiff as "Delaneo-Nathaniel Tillman."

application for leave to proceed in forma pauperis ("IFP"). On June 30, 2025, United States Magistrate Judge Elizabeth Cowan Wright issued an Order giving Tillman an opportunity to submit an amended IFP application. (Docket No. 4.) When Tillman did not submit a meaningfully amended IFP application, the Magistrate Judge issued an Order denying Tillman's applications to proceed IFP and a Report and Recommendation recommending that the Court dismiss the action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Order and Report and Recommendation (hereinafter "R&R"), July 16, 2025, Docket No. 8.)[2] Tillman timely objected. Upon de novo review, the Court will overrule Tillman's objections to the Order and will deny his applications to proceed IFP because Tillman failed to submit a truthful and accurate IFP application in compliance with the Magistrate Judge's June Order. The Court will also adopt the R&R and will dismiss this action without prejudice because Tillman failed to prosecute under Federal Rule of Civil Procedure 41(b).

---

[2] The Magistrate Judge's Order and Report and Recommendation were dated July 16, 2025 but were entered into the docket under two docket entries: Docket No. 8 for the Report and Recommendation and Docket No. 9 for the Order. For ease, the Court will cite to Docket No. 8 and refer to the Order and Report and Recommendation dated July 16, 2025 as simply the "R&R."

## BACKGROUND

On June 27, 2025, Tillman initiated this action against Defendants Midland Credit Management, Inc. and Messerli & Kramer, P.A. (collectively, "Defendants").[3] (Compl., June 27, 2025, Docket No. 1.) That same day, Tillman applied to proceed IFP. (IFP Appl., June 27, 2025, Docket No. 2.) The Complaint alleges that Tillman filed motions in Minnesota district court challenging Defendant's standing, jurisdiction, and validity of alleged debts and further alleges that the court denied Tillman's due process rights by failing to address his motions. (Compl. ¶ 6.) The Complaint also alleges that Defendants' collection efforts violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[4] (*Id.* ¶ 7.)

Tillman requested that the Court (1) enjoin Defendants' collection efforts, (2) vacate and nullify the state court's judgment, (3) "[o]rder Defendant to provide a full

---

[3] Tillman's Complaint has not been served. The Defendants therefore have not filed—and have no obligation to file—a responsive pleading. Fed. R. Civ. P. 4(c)(1), 12(a)(1)(A). Because the Defendants were not served by September 25, 2025—90 days after the Complaint was filed—the Court is obligated to dismiss the action without prejudice. Fed. R. Civ. P. 4(m) (If a plaintiff fails to serve a defendant within 90 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the failure.).

[4] The Complaint alleges four counts: (1) violation of the Due Process Clause under the Fourteenth Amendment, (2) violation of the FDCPA under 15 U.S.C. § 1692, (3) unlawful garnishment during ongoing litigation, and (4) violation of Executive Orders 13892, 14191, 14192, and 14219. (Compl. ¶¶ 9–11.)

validation and detailed accounting of the alleged debt," (4) award Tillman compensatory and punitive damages, and (5) award Tillman attorneys' fees and costs. (Compl. at 2–3.)

On June 30, 2025, the Magistrate Judge issued an order concluding that Tillman failed to provide an adequate accounting of his current income, assets, and expenses and affording him "an opportunity to submit an amended—and truthful—IFP application within 14 days" of the date of the Order. (Order, June 30, 2025, Docket No. 4.) The Magistrate Judge noted that Tillman's IFP application provided no substantive information and directly contradicted the allegations in Tillman's complaint. (*Id.* at 1.) For example, while the IFP application alleges that Tillman earned no income in past 12 months, the Complaint alleges that Defendants have unlawfully garnished his wages. (*Id.*) In addition, Tillman falsely indicated on the application that he had not applied for IFP status in any other court proceeding in the past five years, even though he had requested IFP status in a separate lawsuit filed only a few weeks prior. (*Id.* at 2.) The Magistrate Judge's order indicated that if Tillman did not submit an amended and truthful IFP application within 14 days, "it will be recommended that the matter be dismissed without prejudice for failure to prosecute" under Fed. R. Civ. P. 41(b).[5] (*Id.*)

---

[5] The Magistrate Judge also cautioned Tillman that upon submission of his amended IFP application, this matter would be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docket No. 4.) The Magistrate Judge warned that if the action was deemed frivolous, the Court could restrict Tillman from filing new pro se actions in federal court without prior approval from a judicial officer of this District. (*Id*. at 2.)

On July 11, 2025, Tillman timely submitted a new—but not amended—IFP application. (Pl.'s Amend. IFP Appl., July 11, 2025, Docket No. 6.) The new application contained no additional or different financial information, again indicating that Tillman had no income. (*Id.* at 2–3.) It again indicated that Tillman had not applied for IFP status in any other federal court proceeding in the past five years. (*Id.* at 5.) Along with the new IFP application, Tillman submitted a response purporting to explain his position on related issues. (Pl.'s Resp. to MJ Order, July 11, 2025, Docket No. 5.)

In the R&R, the Magistrate Judge denied both of Tillman's IFP applications, reasoning that (1) neither application included any information about Tillman's income, despite the Complaint indicating that he had income (that had allegedly been unlawfully garnished) in the past 12 months, and (2) his attempt to distinguish between his identity as a "living man" and a "legal fiction" associated with his name is a sovereign-citizen argument, the likes of which courts in this District regularly reject as frivolous. (R&R at 1–2, July 16, 2025, Docket No. 8.) The Magistrate Judge also recommended that the Court dismiss the action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute because Tillman neither complied with the Court's earlier order nor paid the filing fee. (*Id.* at 2.)

Tillman timely objected to the Order denying his applications to proceed IFP and to the Magistrate Judge's Report and Recommendation. (Pl.'s Obj. to R&R ("Pl.'s Objs."), July 30, 2025, Docket No. 10.)

**DISCUSSION**

**I. STANDARD OF REVIEW**

Upon the filing of an order or report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). The objections should specify the portions of the report and recommendation to which objections are made and provide a basis for those objections. *See Mayer v. Walvatne*, Civil No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). The Court must liberally construe a document filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Because Tillman's objections fail under either standard (de novo or clear error) and because Tillman filed his objections pro se, the Court will review the Magistrate Judge's Order and Report and Recommendation de novo.

**II. ANALYSIS**

Tillman objects to the R&R on three grounds: (1) the R&R's characterization of his arguments as "sovereign citizen arguments"; (2) the finding that his IFP affidavit was not truthful, and (3) dismissal "where the underlying claim involves deprivation of property

-6-

without due process." (Pl.'s Objs. at 2–3.) Upon de novo review, the Court concludes that Tillman failed to submit a truthful and accurate amended IFP application and failed to prosecute under Federal Rule of Civil Procedure 41(b). The Court will thus overrule Tillman's objections and adopt the R&R.

### A.   Sovereign-Citizen Arguments

Tillman objects that the Magistrate Judge mischaracterized his filings as "sovereign citizen arguments" and wrongfully dismissed legitimate claims based on this mislabeling. (Pl.'s Objs. at 1–2.) The Court disagrees.

The Magistrate Judge did not dismiss Tillman's claims on the merits because he relied on sovereign citizen arguments. Instead, the Magistrate Judge denied Tillman's IFP applications and recommended that the case be dismissed for failure to prosecute because Tillman failed to comply with the June 30, 2025 order to amend his IFP application or to pay the filing fee. Since Tillman neither substantively amended his IFP application (as discussed further in Part B, below) nor paid the filing fee, Tillman did not comply with the June 30, 2025 order, and the Court will dismiss the case for failure to prosecute.

### B.   Accuracy of Plaintiff's IFP Application

Second, Tillman argues that his IFP applications are accurate—and thus no amendment of his IFP application was required. In Tillman's response to the Magistrate Judge's June 30, 2025 order, he distinguishes between "DELANEO NATHANIEL TILLMAN," the "legal fiction," and "the living man and secured party Delaneo-Nathaniel-Tillman: El"

to support the claim that his IFP applications (in which he indicated that he had no income and had not filed any other IFP application in any other federal court proceeding in the past five years) are accurate. Tillman makes similar arguments in his objections. (Pl.'s Objs. at 2.) The Court concludes that Tillman's arguments are sovereign citizen arguments, and the Court will reject them, as other courts routinely do, as frivolous. *See, e.g.*, *Knapp v. Compass Minnesota, LLC*, Civil No. 24-100, 2024 WL 2832502, at *7 n.4 (D. Minn. June 4, 2024) (explaining that individuals purporting to be sovereign citizens attempt to distinguish between a party's "flesh-and-blood existence" and a fictitious "strawman" entity and noting this District and other courts reject such arguments as "frivolous and nonsensical"); *Hopper v. Addams*, Civil No. 24-02129, 2024 WL 4730595, at *2 (W.D. Ark. Oct. 21, 2024) ("It is well-established in the Eighth Circuit that claims based on sovereign citizen ideology are inherently frivolous and should be summarily dismissed as a waste of judicial resources."); *Waldorf v. Dayton*, Civil No. 17-107, 2017 WL 1134578, at *2 (D. Minn. Mar. 27, 2017) (emphasizing that sovereign citizen arguments are "without merit").

Tillman's attempt to differentiate between his identity as a "living man" and the "premature estate identified as 'DELANEO NATHANIAL TILLMAN'" is a meritless sovereign citizen argument and fails to cure the discrepancy between his IFP applications and the Complaint's factual allegations. *See Hopper*, 2024 WL 4730595, at *2. Tillman cannot

have it both ways: he cannot claim that he has had no income in the past 12 months and at the same time argue that Defendants are unlawfully garnishing his wages.

In support of his objection, Tillman relies on *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993). In *Rowland*, the Supreme Court considered whether a "Council"—defined as "a representative association of prison inmates"—qualified for IFP status. *Id.* at 196. The Court held that the Council could not qualify for IFP status because the council was not a "natural person," and "only a natural person" may qualify for IFP status. *Id*.

Here, Tillman relies on *Rowland* to support the proposition that income received belongs to the "premature estate," not to him as the "living man" and that the "unauthorized garnishments [are] against the premature estate." (Pl.'s Obj. at 2.) Again, Tillman cannot have it both ways. He cannot argue that he is a natural person for purposes of qualifying for IFP status but claim that the estate's wages are being unlawfully garnished. Under *Rowland*, neither an estate nor a trust may proceed in forma pauperis.[6] If Tillman is proceeding as a "premature estate," he does not qualify for IFP status. If he is proceeding as a natural person—then he may qualify for IFP status but then cannot argue that the "garnishments against the premature estate" are unlawful. In both IFP

---

[6] If the Court found Tillman's sovereign citizen arguments to be persuasive, Plaintiff would be unable proceed pro se in this matter because an artificial entity (e.g., a trust or an estate) must be represented by licensed counsel. *See Rowland*, 506 U.S. at 201–02 (acknowledging that it is well-settled that "artificial entities" such as corporations and trusts "may appear in federal courts only through licensed counsel.")

applications, Tillman failed to (1) to include an accurate accounting of his income or an adequate explanation of the discrepancy between the IFP application and the Complaint and (2) to disclose prior litigation in which Tillman applied for IFP status. The Court therefore finds Tillman did not submit a truthful and accurate amended IFP application as ordered by the Magistrate Judge.

### C. Due Process

Third, Tillman objects to dismissal of his claims because "the underlying claim involves deprivation of property without due process." (Pls.' Objs. at 2.) The Court is unaware of any authority—and Plaintiff cites none—indicating that a due process claim cannot be dismissed for failure to prosecute. The Court will, therefore, overrule this objection.

### D. Failure to Prosecute Under Fed. R. Civ. P. 41(b)

The Magistrate Judge recommended that the Court dismiss the action for failure to prosecute under Federal Rule of Civil Procedure 41(b) because Tillman failed to (1) comply with the court order to provide a truthful, amended IFP application or (2) pay the required filing fee. The Court may dismiss an action under Fed. R. Civ. P. 41(b) if a plaintiff fails to prosecute or to comply with the federal rules or a court order. *Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59 (8th Cir. 1988). Here, Tillman had two options: (1) submit a truthful and accurate amended IFP application or (2) pay the filing fee. He chose to do neither. The Magistrate Judge gave Tillman an opportunity to submit an amended

IFP application, and he submitted the same false and misleading application. The Court will therefore dismiss the action for failure to prosecute.

## CONCLUSION

Because Tillman failed to submit a truthful, amended IFP application, the Court will affirm the Magistrate Judge's denial of Tillman's applications to proceed in forma pauperis. Because Tillman also failed pay the filing fee, he has failed to prosecute under Federal Rule of Civil Procedure 41(b), and the Court will overrule Tillman's objections, adopt the R&R, and will dismiss this action without prejudice. Dismissal without prejudice means Tillman may file a new complaint at a later date. However, the Court cautions Tillman that his lawsuit as presently stated appears to be frivolous.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Delaneo-Nathaniel Tillman's objections to the Report and Recommendation [Docket No. 10] are **OVERRULED**;

2. The Magistrate Judge's order denying Tillman's applications to proceed in forma pauperis [Docket No. 9] is **AFFIRMED**;

3. The Report and Recommendation [Docket No. 8] is **ADOPTED**; and

4. Plaintiff's Complaint [Docket No. 1] is **DISMISSED without prejudice** for failure to prosecute under Fed. R. Civ. P. 41(b).

-12-

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 4, 2025  
at Minneapolis, Minnesota.

　　　　　　　　　　　　　　　　　　　　　　　*John R. Tunheim*  
　　　　　　　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge